UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRIS CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:10-1009 |
| ) | Judge Haynes/Bryant |
| SONYA TROUTT, et al., ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

Plaintiff Chapman has filed his "Motion For Adequate Library Access" (Docket Entry No. 9). By this motion he seeks an order requiring the Tennessee Department of Corrections (TDOC) to provide what he characterizes as adequate access to the law library.

The TDOC is not a party to this case and almost certainly is unaware of plaintiff's motion.

The law is well settled that a prisoner has a First Amendment right of access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 821-23 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." <u>Id.</u> at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, <u>Walker v. Mintzes</u>, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, <u>Procunier v. Martinez</u>, 416 U.S. 396, 419 (1974) (overruled on other grounds

by Thornburg v. Abbott, 490 U.S. 401 (1989)).  Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. Bounds, 430 U.S. at 830-31.  However, it is not enough for plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance.  To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter.  Walker, 771 F.2d at 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

In this case, the plaintiff has not alleged that any of TDOC's conduct prejudiced his filing or prosecution of a legal matter.  Id. Indeed, despite the conduct about which the plaintiff complains, he successfully has filed a complaint and multiple motions in this matter.

For the reasons stated above, the undersigned Magistrate Judge finds that plaintiff's motion should be **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge